UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

      Plaintiff,

v.                              Case No. 3:15cv469/MCR/CJK

PENSACOLA POLICE
DEPARTMENT,

      Defendant.

_____/

ORDER and
REPORT AND RECOMMENDATION

      Plaintiff initiated this case on October 26, 2015, by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Since that date, plaintiff has filed four amended complaints. (Docs. 3, 4, 6, 8).[*] The fourth amended complaint names the Pensacola Police Department and Stephen Baer as defendants. (Doc. 8, p. 1, 2). Baer is a police officer with the Pensacola Police Department. (*Id.*). Plaintiff's fourth amended complaint contains the following assertions. *See* N.D. Fla. Loc. R. 15.1 ("Matters not set forth in the amended pleading are deemed to have been abandoned.")

      Plaintiff is "tired of extremely sick, rude, detestable behavior on the part of police preying on people while their family is sick and dying." (*Id.*, p. 3). The

---

[*] Plaintiff is allowed to amend her complaint only once as a matter of course, after which she is allowed to amend only after obtaining leave to amend from the court or consent of the opposing parties (who, of course, have not been served in this case and therefore cannot yet provide consent). The undersigned *sua sponte* and *nunc pro tunc* grants plaintiff permission to amend her complaint, making plaintiff's fourth amended complaint the operative pleading in this matter.

Pensacola Police Department "knowingly did a false portrayal and change [plaintiff's] identity on [her] arrest report, even after contact had been made for months to Police Chief Simmons." (*Id.*). Plaintiff's family "has served in the US Military for over a hundred years and [she] was portrayed as a Turkish citizen to invite harassment which [she] got." (*Id.*). Plaintiff met Officer Baer while viewing the film of her July 29, 2015 arrest. (*Id.*). Baer "had 3 segments on the disk." (*Id.*). "When Ashley walked by and [plaintiff] handed her 50¢ for the disk," Baer and Ashley "abruptly asked [plaintiff] to get up and leave, although [she] had been told [she] could watch the film." (*Id.*). Plaintiff claims Baer "spliced the film 3 times and it should be one long story." (*Id.*). Baer "cut out the last 3-4 minutes although you can see [plaintiff] ask for [her] Amy Hartman letter they refuse to give." (*Id.*). Plaintiff complained to the Chief of Police and she asked the "District Attorney" to indict Baer, the Escambia County Sheriff's Office and the Pensacola Police Department "for foul play & criminal activity." (*Id.*).

Plaintiff has attached a "Pensacola Police Department Citizen Complaint Form" to her fourth amended complaint. (*Id.*, p. 5). In the section of the form titled "Nature of Complaint," plaintiff wrote the following:

> My arrest 7/29/2015 involving Sgt. Burns/Sgt Gomez. I ordered and watched the film. It was cut off to prevent showing how long I was left in the car. Both sergeants walked to the front of my car and stood there for some time while I suffocated. Both Baer and Ashley were extremely rude and didn't want me to watch it after I was told I could since I bought the CD. As soon as the change was given, they said go you can't watch it after it began.

(*Id.*).

Based on these allegations, plaintiff claims violations of the following laws: (1) "All Federal Tort laws on Physical, mental threat, fraud"; (2) 18 U.S.C. § 241, "possible False Claims Act"; (3) 18 U.S.C. § 242, "known stealing by Govt"; (4) Florida Statute 768.28; (5) Fourth Amendment; (6) Fifth Amendment; (7) Ninth Amendment; (8) Fourteenth Amendment; (9) "Conspiracy Against Rights title 18 U.S.C. § 241 is similar & closest to the constant harassment. Please include all civil rights laws"; (10) Violence Against Women Act of 1994. (*Id.*, p. 4). For relief, plaintiff requests:

> punitive-prosecution for tampering and altering possible destroying evidence in film production of suffocation/witness statement denial 'Amy Hartman's letter in car with broken window while being taken to jail. Case knowingly based on false warrants see double-jeopardy law, preying on bad injury study mob effect, $200-300,000 FL laws can decide. Due to false imprisonment, known plunder up to $2,000,000."

(*Id.*) (all errors in original).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived

from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well-pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim.  *Id.*  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570.

Plaintiff's fourth amended complaint alleges defendant Baer provided her with an edited video of her arrest and refused to let her watch it in the police station.  The allegations do not state a claim for relief under any of the statutes or constitutional provisions plaintiff references in her complaint.  Sections 241 and 242 of Title 18 of the United States Code are criminal statutes enforceable only by the federal government.  *See Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014) (18 U.S.C. §§ 241, 242 "are criminal statutes that do not provide a civil cause of action or any civil remedy").  In addition, the Violence Against Women Act of 1994 does not provide plaintiff with a civil remedy.  *See United States v. Morrison*, 529 U.S. 598, 627, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000) (holding provision of Violence Against Women Act creating civil remedy unconstitutional).  The court construes plaintiff's claim of "all federal tort laws on physical, mental threat, fraud" as an attempt to bring a claim under at least the Federal Tort Claims Act ("FTCA").  The FTCA, however, is not applicable in this case because defendant Baer is not an employee of the federal government.  *See Milton v. Boles*, Case No. 3:08cv286/LAC/MD, 2008 WL 5070052 *4 (N.D. Fla. Nov. 24, 2008) ("Plaintiff's allegations cannot support a claim under the FTCA because the defendants are state

actors, not federal actors."). Likewise, plaintiff's reference to the False Claims Act is unavailing; that statute requires a fraud to be perpetrated upon the federal government. *See United States ex. rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1307-08 (11th Cir. 2002) (discussing recovery under the False Claims Act). Plaintiff has also cited Section 768.28, Florida Statutes, which provides that the State of Florida has waived sovereign immunity in traditional tort actions. Plaintiff, however, has neither identified what tort the defendants could be liable for, nor has she shown that she has followed the notice provisions of section 768.28(6)(a), Florida Statutes.

Plaintiff's constitutional claims are also without merit. The narrative set forth in the complaint does not approach stating a claim based on the Fourth, Fifth, Ninth, or Fourteenth Amendments. Plaintiff's Fourth Amendment claim fails because she does not allege she has been subject to an unreasonable search or seizure. The Fifth Amendment does not apply to state actors such as the defendants. *See Jordan v. Mosley*, 298 F. App'x 803, 806 n.5 (11th Cir. 2008) (*citing Knoetze v. U.S. Dep't of State*, 634 F.2d 207, 211 (5th Cir. 1981)) ("[T]he Fifth Amendment applies only to Federal, not state, acts."). The Ninth Amendment is not an independent source of individual rights. *See Jenkins v. Comm'r of Internal Revenue*, 483 F.3d 90, 92 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights; rather, it provides a 'rule of construction' that we apply in certain cases.").

The Fourteenth Amendment provides, in relevant part, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction

the equal protection of the laws." Although not specified in the complaint, it appears plaintiff obtained the copy of the arrest video through Florida's Public Records Act. *See* Fla. Stat. § 119.01(1) ("It is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person."); *id.* § 119.07(1)(a) ("Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records."). Florida law permits individuals to file civil actions in state court to enforce the provisions of the Public Records Act. *See* Fla. Stat. § 119.12 ("If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees."). Because plaintiff has an adequate state law remedy to address defendant Baer's alleged failure to provide her with an unedited video, she cannot establish Baer's actions violated her due process rights under the Fourteenth Amendment. *Cf. Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("an unauthorized intentional deprivation of property by a state [or municipal] employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."). Thus, plaintiff's allegations are insufficient to state a Fourteenth Amendment claim.

Based on the foregoing, plaintiff's complaint is subject to dismissal under 28 U.S.C. 1915 for failure to state a claim upon which relief can be granted. Moreover, one can envision no federal cause of action based upon the facts set out by plaintiff.

Case No. 3:15cv469/MCR/CJK

The undersigned notes plaintiff has had two cases dismissed before service in the Northern District of Oklahoma. *See Brewer v. Weaver*, Case No. 4:15cv139/CVE/TLW (N.D. Okla. Apr. 10, 2015) (dismissing complaint after finding plaintiff failed to allege a colorable federal claim and her state law claims were precluded by Oklahoma law and the doctrine of standing); *Brewer v. Gore*, Case No. 4:15cv140/GKF/PJC (N.D. Okla. Mar. 27, 2015) (dismissing complaint for failing to state a claim upon which relief can be granted and for seeking monetary relief against defendants who are immune from such relief). Plaintiff has also had an action dismissed in the Northern District of Florida before service. *See Brewer v. Willis*, Case No. 3:15cv183/RV/EMT (N.D. Fla. Sept. 15, 2015) (dismissing complaint for plaintiff's failure to comply with an order of the court). Furthermore, in addition to this case, plaintiff has initiated four federal civil rights actions in this district in the past two weeks. *See Brewer v. Area Hous. Comm'n*, Case No. 3:15cv500/MCR/EMT; *Brewer v. U.S. Marshals Courthouse Security*, Case No. 3:15cv497/MCR/EMT; *Brewer v. City of Gulf Breeze*, Case No. 3:15cv489/MCR/EMT; *Brewer v. City of Pensacola*, Case No. 3:15cv484/MCR/EMT. Plaintiff also has five other actions pending in this court. *Brewer v. Bodenhausen*, 3:15cv154/RV/EMT; *Brewer v. Nelson*, 3:15cv145/MCR/EMT; *Brewer v. Morgan*, 3:15cv132/RV/EMT; *Brewer v. Meadows*, Case No. 3:15cv95/RV/EMT; *Brewer v. Escambia Cnty. Sheriff's Dep't*, Case No. 3:15cv89/MCR/CJK. Although the undersigned expresses no opinion as to the ultimate disposition of these cases, a cursory review suggests many are without arguable merit. The large number and frivolous nature of plaintiff's filings could be construed as an abuse of the process afforded by the *in forma pauperis* procedure.

Plaintiff is advised "frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 7) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of November, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv469/MCR/CJK